# United States District Court
## Southern District of West Virginia

Paul McCafferty
       Plaintiff,

     V               Case NO. 5:18-cv-00418

TFC. John W. Gilkeson
Cpl. M.A. Agee
Deputy J.L. Pachis



## Complaint

### I JurisDiction and Venue

1)    This is a Civil Action authorized by 42 U.S.C Section 1983, To redress The deprivation, under Color of State law, of rights Secured by The Constitution of The United States, and The Constitution of West Virginia. The Court has Jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). The Court has Supplemental Jurisdiction

(1)

over Plaintiffs state law Claims under 28 U.S.C Section 1367. Plaintiff Seeks Compensatory Damages, and Punitive Damages.

2)   The United States District Court Southern District of West Virginia is an appropriate Venue under 28 U.S.C. Section 1391(b)(2) Because it is where The events Giving Rise To This Claim occurred.

## II Plaintiff

3) Plaintiff Paul McCafferty was at all Times mentioned herein a resident of Greenbriar County, West Virginia. Until his Arrest and detention on March 13, 2016 Where as he has been in Custody of The West Virginia Division of Corrections

## III Defendants

4)   Defendant Trooper First Class John W. Gilkeson of The West Virginia

State Police, Rainelle west virginia
detachment, was at all Times mentioned
herein, Present and willing Participant
To all The facts Presented in This
Complaint

5)   Defendant Corporal M.A.AGEE of
The West virginia State Police, Rainelle
West virginia detachment, was at all
Times mentioned herein Present and
willing Participant To All The facts
Presented in This Complaint.

6)   Defendant Deputy Sheriff J.L.Pachis
of The Greenbriar County Sheriff's office
of West virginia, was at all Times
mentioned herein Present and willing
Participant "in a Joint effort with The
west virginia state Police officers. CPl M.A.
AGEE and TFC. John W. Gilkeson" To All
Facts Presented in This Complaint.

7)   Each defendant is being sued in
his official Capacity and Their
Individual Capacity. at all Times
mentioned in This Complaint Each defendant
acted under Color of state law.

(3)

# IV Facts

8)        Plaintiff did at all Times
Prior To and up To The incident of
This Complaint, live at 379 mundy Lane
Rupert West virginia, with a Co-Tenent
Cindy Smith. Plaintiff and Cindy Smith
occupied Seperate Bedrooms with
individual Key entry locks on said bedrooms
To Protect each others Privacy. The only
Common areas Shared were The Kitchen,
Bathroom and living room.

9)        Defendants Cpl. M.A. AGee and
TFC John W. Gilkeson were aware
at all Times mentioned in This Complaint
well aware That Plaintiff lived at This
Address and Possessed Authority To
Deny Consent To Search Based on a
Previous investigation and Request To Search

10)    On march 13, 2016 at approximately
8:56 pm Plaintiff arrived at his home
379 mundy Ln. with his Friend Amber Tharp.
Approximately 15 minuets upon entering his
home Plaintiff was Startled by Someone
Beating excessively on his door. when Plaintiff

(4)

went To his door To inquire who was There, he was informed That it was The state Police. and demanded That Plaintiff open The door immediatly and allow Them (Police) entry or They would Kick The door in

11)    Plaintiff asked if The Defendants Possessed a Warrant. The Defendants Stated They did not need a warrant. That They had Probable Cause. Plaintiff Told Defendants That he would not open his door unless defendants had a vailed Warrant. Defendants Continued Kicking and Beating on Plaintiff Door Threatning To Kick The Door in if he did not open it.

12)    At This Time Defendants. Brought Plaintiffs Roommate Cindy Smith To The Door in an attempt To gain entry. Where as Plaintiffs Room mate did not Possess a Key for entry To The home

13)    Defendants had obtained Room mate Smith from a different Residence. Where The Defendants were investigating Some other Criminal misConduct. This location was main st. East            westvirginia where Smith had

(5)

Been Staying at for The Past week of This incedent

14)    Defendants Contend That Their Probable Cause was due To a Call from Cindy smith That Their was some one in her home That was not Suppose To be. Plaintiff Contends That The Defendants lied as To This fact and Abused Their Power and authority To Conduct an illegal Search and Seizure in violation of The United States Constitution Amendment four and State Constitution Art 3 Section 6 as To The fact Their is no 911 record of Cindy Smiths Call. There is a record of The investigation To an unrelated Crime where Smith was Residing at Just Prior To This incident. The record shows by a 911 Report That a Call was made By Katie Redden wanting To Know why Police were behind her house. Mrs. Redden was Plaintiffs next Door neighbor.

15)    Plaintiff Contends That By This 911 Record and others. The Defendants were waiting in Ambush for Plaintiff. as well as a 911 Report will show That Police (defendans) were infact at Plaintiffs home The day Before

(6)

16)   The Record shows That 911 Caller Redden Called at 8:56 pm March 13, 2016 at The Same Time That Plaint.ff arrived at his home. The Report also Shows Defendants were in Constant Survalance of Plaint.ff Through Katie Redden.

17)   Plaint.ff Did finally Comply against his will. and opened his door To The defendants Treats and Demands of Defendants To Prevent Damage To his home. where as Cpl. M.A. AGee and TFC John Gilkeson Focable Grabbed Plaint.ff and Phys.caly Restrained Plaint.ff and removed him from his home. where he was Placed in The Custody of Defendant Deputy J.L. Pach.s

18) Defendants AGee and Gilkeson Then entered The home with Cindy Sm.th and Proceeded To Search Plaint.ffs home (Bedroom) where Pol.ce found a hand Gun under a Book Case and opened a metal Can.ster attached To Some keys in The Bedroom That held Approx.mastly 2grams of a white Powder Substance. and Cont.nued Questioning Plaint.ff as To other items in The home

(7)

19)    Defendants State in Their Report
That upon entering The home They noticed
The hand Gun and Canister. Then Change
Their story and Say That Amber Tharp Showed
Them where These items were hidden. in
effect Defendants lied about items in Plain
View To Try and Justify The Search with out
Obtaining a warrant

20)   This Search lasted about one and a half
(1½) hours. Then Plaintiff was Placed in
Defendants TFC Gilkeson's Cruiser by Deputy
J.L. Pachs where These Defendants informed
911 dispatch That They were in Route To The
State Police Barracks with Plaintiff

21)    On The Way To The Police Station
Defendants made a Detour To a Second
location Back To mcross on main st. East
APProx.matley 10 miles from Plaintiffs home
and and where Plaintiff had Been Detained
and Seizued. This location 390 main st. East
is Six houses up from where Plaintiffs
Roommate was Previously Picked up By Defendants.
Plaintiffs ex Girlfriend was living at This
address at The Time

(8)

22) Defendants left Plaintiff in Their Crusier while They Conducted a Search of These Premisses. Where Plaintiffs ex Girlfriend Heather Canterberry was found in a Garage with multiply Bottles Know as shake and Bake meth Manufactoring. Mrs. Canterberry was Placed in Crusier with Plaintiff Then Taken To The state Police Station for questioning

23)   Plaintiff and Canterberry were Then Transported To Beckly west Virginia Southern Regional Jail and Booked.

24)   Plaintiff was Charged with Possession of a handgun and operating or attempting To operate a Clandestine Drug lab. On 3-14-2016 Plaintiff was arrasned By video where as The Magistrate Dismissed The Possession of a handgun for lack of Probable Cause. Plaintiff was bound over for The Grand Jury on The other Charge

25)   Plaintiff filed an Omin bus motion for discovery and a motion To Suppress evidence in 2016 Before he was actually indictet. (filed Pro se) These

(9)

motions were ignored By The Court.
Plaintiffs lawyer Eric Francis Refiled
a motion To Suppress after Plantiff
Was indicted. This motion was based
on violation of Plaintiffs Rights as
To illegal Search and seizure. The Greenbriar
County Circuit Court did rule in favor
of Plaintiff That The Search and seizure
were illegal and suppressed The physical
evidence.

26)   After The Courts Suppressed The
evidence. The State filed a new
list of State witnesse's it intended
To Call at Trial, The state also offered
a new Plea-Bargain.

27)   Plaintiffs lawyer Eric Francis, after
heated arguments Convinced Plaintiff To
except The Plea. Because lawyer did
not Believe he Could Convince The Jury
against The States witnesse's To All Three
Charges

28)   Plaintiff not Knowing The Rule
Of law as To The exclusionary Rule

(10)

Rule That The witnesses (Defendants) and
and all other inadvertant evidence could
not be used under The fruits of The
Poisonos Tree Doctrin. Plaintiff Took
The Plea in fear Due To his lawyer
Stating in open Court he did not Believe
he could Convince a Jury against Believing
The Testimony of Defendants + other
witnesses To The evidence That they had
found.

29) Plaintiff was Sentenced To The
Plea of one To five years in The
Division of Corrections and one year
attached To The minimum for Recidivist.

## V Exhustion of
## legal Remedies

30)    Plaintiff asserts That he does
not Believe he is Required To exhust
Prison Remedies under The P.L.R.A Act
as This Claim Does not Deal with
Prison Conditions. The Claim is Towards
Constitutional Rights Amend four and
Amend 14 as well as state law

31)     Plaintiff has Been Granted
leave By The Greenbrar Circuit
Court To Proceed with a State Habeas
Corpus Under 28 U.S.C. Section 2254
Civil Action # 17-C-196. This Action
has a motion Pending To extend filing
Time By 60 days Due To Trial lawyer
Eric Francis not Relinquishing Trial Records
This Action is being handled By Robert
Dunlap + Associates, Beckley West Virginia

## VI Legal Claim

32)     Plaintiff asserts That This Complaint
is based of factual violations of his
Constitutional Rights under Federal and
State law. Namely The 4th Amendment
The 14 Amendment at West Virginia State
Constitution Art. 3 sect 6. Plaintiff Realleges
and incorporate by Reference Paragraphs
1-29

33)     The warrantless Search of Plaintiffs
home and The Seizure of Plaintiff
violated his Const. Rights as well as
equal Protection of the law

(12)

34)   It was determined By The Circuit Court That Defendants were well aware Plaintiff Possessed Authority Of Consent and The right To Deny Consent. and That Defendants were at Plaintiffs home The day Before This incident. So had sufficient Time and ability To obtain a valid search warrant

35)   Plaintiff has no Plain adequate or Complete Remedy at law To Redress The wrongs described herein. Plaintiff has been denied his Rights under Federal and State Constitution. Plaintiff Believes That he is entitled To Compensatory Relief as well as Punitive Relief. as well as declaratory Relief To Prevent The Continued Practice By Defendants in future endeavors and The damage Caused To Plaintiff.

## VII Prayer for Relief

36)   Wherefore Plaintiff Respectfully Prays That This Honorable Court enter Judgement granting Plaintiff a declaration. That The Acts and omissions described here in

(13)

violated Plaintiffs Rights under The
U.S. Constitution as well as state law

37)  a Permanent inJunction ordering
Defendants To be given The Proper
Trainning as To The laws governing
Probable Cause and as To when and why
warrants should be obtained By a Judcial
officer or magistrate

38)  Compensatory damages in The Amount of
$350,000.00 (Three hundred fifty Thousand Dollars)
against each Defendant Jointly and Severally

39  Punitive Damages in The amount of $50,000
(Fifty Thousand Dollars) against each defendant

40)  A Jury Trial on all issues Triable by
Jury

41)   Plaintiffs Cost in This Suite

42) Plaintiff also Request That The Court
allow This Suite To be held in abeyance
Or exempt him To Procedual Time Bar
of This action. untill he has adJut.cated

(14)

And exhusted his state Habeas
Corpus

43) To Amend This Complaint if
for any reason The Court finds
diffesencys

44) and any additional Relief This
Court Deems Just and Fair

Date 3-8-18                    Respectfully Submitted
                              Paul S. McCafferty
                              # 348-2082
                              Huttonsville Correctonal Center
                              P.O. Box I
                              Huttonsville, WV 26273

Verification

I have read The foregoing Complaint and hereby verify That The matters alleged Therein are True, except as To matters alleged on information and Belief and as To Those , I Believe Them To be True. I Certify under Penalty of PerJury That The foregoing is True and Correct

executed at Huttonsville, west virginia on March 8, 2018

Paul S. McCafferty

(16)

*Exhibit A*

2016 03/14 02:10     GREENBRIER 911     304 647 7006          #161     Page 01/02

## Dispatch Agency: GREENBRIER COUNTY 911   Call Number: 2016004260

Agency Involved:GREENBRIER COUNTY 911          Agency Call Number:2016004260

|  | Date | Time | Location Address Information |
|---|---|---|---|
| Received | 3/13/16 | 20:56:05 | MUNDY LN |
| Dispatched | 3/13/16 | 20:58:02 | RUPERT |
| Enroute | 3/13/16 | 21:03:13 |  |
| Arrived | 3/13/16 | 21:12:41 | Call Reported From: Telephone:     (304)  667-2137 |
| Under Control | 3/13/16 | 21:19:10 | MUNDY LN |
| Completed | 3/14/16 | 2:01:42 | REDDEN          KATIE |
|  |  |  | Third Party: |

| Signal | FLWUP | FOLLOW UP |
|---|---|---|
| Reference Signal | FLWUP | FOLLOW UP |
| Actual Signal | FLWUP | FOLLOW UP |

| Extra Phone 1: | Extra Phone 2: |
|---|---|

| Citations Issued |     Weapon How Received: | License No.USA8183 | Created: New |
|---|---|---|---|

DISPOSITIONS/NOTIFIEDS

DISPOSITION: NONE SELECTED          NOTIFIED: NONE SELECTED

2016 03/14 02:10     GREENBRIER 911     304 647 7805          #761      Page 02/02

**Dispatch Agency: GREENBRIER COUNTY 911   Call Number: 2016004260**

Notes.

200402004 03/13/2016 20:56:05: CALLER ADV LAST NIGHT THE LAW WAS AT A HOUSE BEHIND THEIR RES, THEY WAS ADV IF ANYONE SHOWED UP AT THAT RES TO CALL 911 AND LET US KNOW

ADV A TRUCK JUST PULLED IN ; UNABLE TO TELL ANYTHING OTHER THAN ITS A LARGE TRUCK

ADV IT WAS UNIT 18, UNIT 29, SP 487, SP 270 AND SP 528

2005100002 03/13/2016 21:03:43: 270 REQ TO PS BACK AND SEE WHAT TYPE OF VEHICLE DESCRIPTION AND IF THEY ARE CARRYING ANYTHING OUT

200402004 03/13/2016 21:08:52: PS CALLER BACK WHO ADV THE TRUCK IS STILL THERE ; ADV SHE SEEN 2 SUBJ GO IN ONE DEF WAS A MALE ADV THEY OPEN WINDOW SHUT IT REAL FAST TOO DARK TO SEE MUCH ON TRUCK POSS A LIGHT ON TOP OF THE TRUCK ; ADV DID NOT SEE THEM CARRY ANYTHING IN ; I REQUESTED CALLER TO CALL ME BACK WITH ANY UPDATED INFORMATION OR IF SUBJ LEAVE

200402004 03/13/2016 21:40:40: SP 487 REQUEST 28/ WV USA8183, 27/ WV PAUL MCCAFFERTY

200402004 03/13/2016 21:42:35: 487 REQUEST III

2005100002 03/13/2016 22:10:07: 270  REQ E718387

200402004 03/13/2016 22:35:31: SP 487 1015  X 1 W M ENROUTE TO DPS OFC MILEAGE 79087

200402004 03/13/2016 22:36:25: SP 270 CLEAR SCENE ENROUTE TO HIS OFC WITH 1 WF FOR QUESTIONING  MILEAGE 39169

200402004 03/13/2016 22:45:34: SP 487 ADV HE AND UNIT 29 WILL BE OUT WITH THAT MALE SUBJ AT CENTRAL AVE MCROSS REF TO FOLLOW UP ENDING MILEAGE 79095

2005100002 03/13/2016 22:47:14: 270 OUT CENTRAL AVE MCROSS MM 39174

2005100002 03/13/2016 22:54:07: 270 REQ WV 2086T4 CANTERBURY  CHECK LOCALS

200402004 03/13/2016 23:00:24: SP 487 REQUEST NCIC CHECK ON POLE SAW SERIAL NUMBER 261518072

2005100002 03/13/2016 23:20:06: 487 REQ WV 2086T4 ALSO III

200402004 03/13/2016 23:27:04: SP 270 ADV HE AND UNIT 29 CLEAR SCENE ADV HAS 1 WF 1 WM ENROUTE TO OFC FOR PROCESSING MILEAGE 39174

200402004 03/13/2016 23:31:22: SP 270 OUT AT OFC ENDING MILEAGE 39177

2005100002 03/14/2016  0:40:19: 270 WILL BE CLEAR ENROUTE BACK TO SCENE 29 WILL BE WITH 10-15

2005100002 03/14/2016  1:17:28: 29 ADV HE IS  ENROUTE TO SRJ 150149M 10-15 ONE WF/ONE WM

2005100002 03/14/2016  1:31:18: 487 REQ 1480  WHO IT MIGHT BE

2005100002 03/14/2016  1:31:51: ADV 487 THAT THIS IS STA 60 FIRE DEPT THAT THE 14 WORKS FROM FAYETTE CO

2005100002 03/14/2016  2:22:50: 29 CLEAR SRJ MM 150596

200402004 03/14/2016  2:52:10: SP 487 ADV  HE AND SP 270 CLEAR THE SCENE, ENROUTE TO THE OFC

**Parties Involved:**

| Name: | Eqp. No.: | ID Number | Party | Dispatched | Enroute | Arrived | Completed |
|---|---|---|---|---|---|---|---|
| JONES, MONICA | 136 | 200402004 | R | | | | |
| JONES, MONICA | 136 | 200402004 | D | | | | |
| AGEE, M A | SP 270 | 2015090002 | A | 20:58:02 | 21:03:13 | 21:12:44 | |
| GILKESON, J W | SP 487 | 2014090001 | B | 21:03:11 | 21:03:15 | 21:12:41 | |
| BOGGS, JO ANN | 135 | 2005100002 | Z | | | | |
| PACHIS, J L 100 | SO29 | 2014090004 | B | 22:44:46 | 23:27:41 | | |
| AGEE, M A | SP 270 | 2015090002 | B | 20:58:02 | 21:03:13 | 21:12:44 | |

Exibit 13

**IN THE CIRCUIT COURT OF GREENBRIER COUNTY, WEST VIRGINIA**

**STATE OF WEST VIRGINIA**

**VS**                                    **CRIMINAL ACTION NO. 16-F-127(R)**

**PAUL S. McCAFFERTY**

<u>**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**</u>

Pursuant to Rule 12(b)(3) of the West Virginia Rules of Criminal Procedure, the defendant now moves the Court to suppress the following evidence:

All evidence retrieved out of 379 Muddy Lane, Rupert, West Virginia, by way of a consent to search authorized by Cindy Smith. (Exhibit A.) Cindy Smith did not own the property in question (Exhibit B). Also, it should be noted that the defendant paid rent to Carolyn S. Smith. Thus, even if Cindy Smith has the ability to give consent to search to some parts of the residence, she could not give consent to search to all parts of the residence. At this point, it should be noted that it is the State's burden to show that Cindy Smith had the legal right to give consent to search the residence.

This request is made in part due to the fact that at the time the defendant was arrested for these crimes, he was not at said location. And, pursuant to State v. Cummings, 647 S,E,2d 869, --- W.Va. ---(2007), the State as of this date has failed to show possession and/or constructive possession of those items. Therefore, under current case law, said items must be held inadmissible and suppressed so that it's out of the sight of the jury.

PAUL S. McCAFFERTY

By Counsel

Exhibit C

# IN THE CIRCUIT COURT OF GREENBRIER COUNTY, WEST VIRGINIA

**STATE OF WEST VIRGINIA**

**VS**                                    **CRIMINAL ACTION NO. 16-F-127(R)**

**PAUL S. McCAFFERTY**

## <u>DEFENDANT'S MOTION TO SUPPRESS EVIDENCE</u>

Pursuant to Rule 12(b)(3) of the West Virginia Rules of Criminal Procedure, the defendant now moves the Court to suppress the following evidence:

All the evidence gathered from 390 Main Street East, Rainelle, West Virginia. That evidence was gathered through a consent to search signed by Mary Hughart. However, at this point the defendant was not living at this residence; nor was he found at the residence. In fact, another co-defendant was at that location. That person was Heather Canterbury. Thus, without using Mary Hughart or Heather Canterbury, the State cannot show a relationship between the defendant and the items found in that location.

Under case law such as State v. Cummings, 647 S.E.2d 869, ---W.Va. --- (2007), there has been no possession or constructive possession by the defendant shown. To allow the jury to see such evidence, it would be more prejudicial than probative under the West Virginia Rules of Evidence. Therefore, the defendant, by counsel, argues said evidence seized must be held inadmissible.

PAUL S. McCAFFERTY

By Counsel

## CERTIFICATE OF SERVICE

I, Eric M. Francis, counsel for the defendant named herein, do hereby certify that a true copy of the foregoing **MOTIONS** have been faxed to the following persons at their last known addresses on this the 9th day January 2017.

ERIC M. FRANCIS

Patrick I. Via
Prosecuting Attorney
912 Court Street N
Lewisburg, WV 24901

*Exhibit D*

IN THE CIRCUIT COURT OF GREENBRIER COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA,

        Plaintiff,

vs.                                      Criminal Action No. 16-F-127(B)

PAUL S. MCCAFFERTY,

        Defendant.

## NOTICE OF STATE'S WITNESS LIST

Now comes the State of West Virginia, by its Counsel, Ryan R. Blake, Assistant Prosecuting Attorney of Greenbrier County, and does hereby give NOTICE of the witnesses that the State intends to call to testify in the trial of this matter on Monday, March 27, 2017. Specifically, the State intends to call to testify the following witnesses:

1. TFC J. W. Gilkeson        West Virginia State Police

2. Cpl. M. A. Agee          West Virginia State Police

3. Deputy J. L. Pachis      Greenbrier County Sheriff's Department

4. Rebecca Harrison (Expert)   WVSP Forensic Laboratory

5. Steven L. Johnson

6. Amber A. Tharp

7. Heather E. Canterberry

8. Any witness identified by the Defendant.

9. The State reserves to call to testify any appropriate rebuttal witness.

## CERTIFICATE OF SERVICE

I, Ryan R. Blake, Assistant Prosecuting Attorney of Greenbrier County, hereby certify that the foregoing "Notice of State's Witness List" has been served upon Defendant by delivering a true copy of that document to counsel for Defendant, Eric M. Francis, at the following address:

Eric M. Francis
208 W. Randolph St.
Lewisburg, WV

Served this 17th day of March, 2017.

RYAN R. BLAKE (State Bar No. 10144)

CASE 16-F-127          GREENBRIER                    PAGE 0001

STATE OF WEST VIRGINIA        VS. PAUL MCCAFFERTY

LINE   DATE   ACTION

```
  1              ***
  2              ***
  3              ***
  4  10/21/16   ORDER- ARRAIGNMENT ORDER- PRETRIAL DEC 6 2016 3:45PM- HEARING
  5              ON DEF BOND MODIFICATION OCT 28 2016 1:15PM
  6              CRIM 137 PAGE 637
  7  10/21/15   CERTIFICATE OF SERVICE OF STATE'S INITIAL DISCOVERY FILED
  8  10/28/16   ORDER- ORDER FOR PREPARATION OF GRAND JURY TRANSCRIPT-
  9              COURT REPORTER SHALL PREPARE GRAND JURY TRANSCRIPT-
 10              CRIM    PAGE
 11  10/28/16   ORDER- DEF MOTION TO GRAND JURY TRANSCRIPT IS GRANTED
 12              DEF MOTION TO MODIFY BOND GRANTED- BOND IS MODIFIED TO
 13              $10,000.00 PR AND SHALL BECOME A BLANKET BOND TO COVER 16-F-127
 14              AND 16-M-33- TERM AND CONDITION OF BOND IS GBR CTY HI
 15              CRIM    PAGE
 16              RELEASED ON $10,000.00 P.R. BOND WITH CONDITION OF H.I.
 17  10/28/16   JAIL RELEASE FORM    CRIM 138 PAGE 230
 18  10/28/16   MOTION FOR GRAND JURY TRANSCRIPT- FILED
 19  11/10/16   CONFIDENTIAL TRANSCRIPT OF THE GRAND JURY TESTIMONY OF TROOPER
 20              JOHN GILKESON ON OCT 4 2016- FILED
 21  11/16/16   STATE'S MOTION TO REVOKE BOND - FILED
 22  11/16/16   NOTICE OF HEARING - NOV. 22, 2016 AT 10:00 A.M. - FILED
 23  11/22/16   DER- DEF WAIVER OF RIGHT TO PRELIM HEARING ON STATES MOTION
 24              TO REVOKE BOND IS ACCEPTED- EVIDENTIARY HEARING
 25              DEC 7 2016 10:30AM- DEF IS REMANDED TO SRJ    CRIM 138 PAGE 344
 26  12/06/16   SUBPOENA (1) ISSUED ON BEHALF OF DEF. FOR 12-7-16 AT 10:30 A.M.
 27              SHERIFF OF GBR. CO.  (FAXED TO RAINELLE)
 28  12/06/16      DANIEL J. MCCAFFERTY SERVED PERSONALLY
 29  12/12/16   ORDER- AS TO THE EVIDENCE PRESENTED THE DEF BOND IS HEREBY
 30              REVOKED- DEF IS REMANDED TO SRJ CRIM 138 PAGE 468
 31  12/07/16   JOINT PRE-TRIAL STATUS REPORT FILED
 32  12/13/16   STATE'S MOTION TO DETERMINE THE ADMISSIBILTY OF EVIDENCE- FILED
 33              CERT OF SERVICE
 34  12/13/16   NOTICE OF HEARING- HEARING IS SET FOR JAN 13 2017 AT 2:00PM
 35              CERT OF SERVICE
 36  12/07/16   JOINT PRE-TRIAL STATUS REPORT FILED
 37  01/09/16   DEFENDANT'S MOTION TO SUPPRESS EVIDENCE   FILED
 38  01/13/17   STATE'S EXHIBIT 1 FILED
 39  01/19/17   ORDER- THE COURT FINDS THAT THE DEF WAIVES HIS RIGHT TO BE TRIED
 40              DURING THE TERM OF COURT AT WHICH HE WAS INDICTED AND THE COURT
 41              ACCEPTS THE SAID WAIVER. THE DEF WAIVES HIS RIGHT TO CONTEST THE
 42              ADMISSIBILITY OF HIS STATEMENT AS DESCRIBED IN THE MOTION FOR
 43              ADMISSIBILITY OF EVIDENCE. THE STATEMENTS MADE BY DEF ON MARCH
 44              13 2016 TO CPL MA AGEE WITH THE WV STATE POLICE SHALL BE
 45              ADMISSIBLE AT THE TRIAL OF THIS MATTER IN THE STATE'S CASE IN
 46              CHIEF; SUBJUCT TO FURTHUR OBJECTION AS TO POTENTIAL RULE 404
 47              MATTERS ON OTHER OBJECTION. THE STATE'S MOTIN TO CONTINUE IS
 48              HEREBY GRANTED OVER THE DEF'S OBJECTION. A PRETRIAL HEARING IS
 49              SCHEDULED FOR MARCH 7 2017 AT 3:00PM. TRIAL IS SET FOR MARCH 27
 50              2017 AT 9:00AM. DEF IS HEREBY REMANDED TO CUSTODY OF SRJ.
```

CASE 16-F-127          GREENBRIER                              PAGE 0002

STATE OF WEST VIRGINIA          VS. PAUL MCCAFFERTY

LINE   DATE    ACTION

51              CRIM 139 PAGE 94
52 01/20/17     ORDER- PRE-TRIAL ORDER- A TRIAL DATE REQUESTED. A PRE-TRIAL
53              HEARING IS SCHEDULED JAN 13 2017 AT 2:00PM. A MOTIONS HEAIRNG
54              IS SCHEDULED FOR JAN 13 2017 AT 2:00PM. A TRIAL IS SCHEDULED FOR
55              JAN 25 2017 AT 9:00AM.     CRIM 139 PAGE 276
56 03/10/17     SUBPOENAS (5) ISSUED FOR TRIAL MARCH 27 2017 9:00AM
57              GREENBRIER COUNTY SHERIFF
58 03/14/17     CPL MA AGEE SERVED PERSONALLY
59 03/13/17     DEPUTY J.L. PATCHIS SERVED PERSONALLY
60              STEVEN JOHNSON
61              KANAWHA COUNTY SHERIFF
62 03/17/17     REBECCA HARRISON LAB TECH (S. ALLEN FOR REBECCA HARRISON SERVED)
63 03/13/17     FAXED TO CCC FOR:
64              HEATHER CANTERBURY
65 03/10/17     DEFENDANTS POSTIONS AS TO REDACTION OF DEFENDANTS STATEMENT
66 03/10/17     STATES RESPONSE TO DEF POSTION AS TO REDACTION OF DEFENDANTS
67              STATEMENT
68 03/13/17     CERT. OF SERVICE OF STATE'S SECOND SUPPLEMENTAL DISCOVERY-FILED
69 03/17/17     NOTICE OF STATE'S WITNESS LIST - FILED
70 03/22/17     SUBPOENA (1) ISSUED FOR TRIAL MARCH 27 2107 9:00AM
71              STATE POLICE
72              AMBER THARP
73 03/22/17     MOTION TO SUPPRESS DEFENDANT'S STATEMENT - FILED
74 03/22/17     CERT. OF SERVICE OF STATE'S THIRD SUPPLEMENTAL DISCOVERY-FILED
75 03/22/17     SUBPOENA (1) ISSUED ON BEHALF OF STATE FOR 3-27-17 AT 9:00 A.M.
76              **SUBPOENA FAXED TO TPR. J. W. GILKESON FOR SERVICE
77 03/22/17     SUBPOENA (1) ISSUED ON BEHALF OF DEF. FOR 3-27-17 AT 9:00 A.M.
78              **SUBPOENA GIVEN TO ATTY FOR SERVICE ON HEATHER CANTERBURY
79                HEATHER CANTERBURY
80 03/24/17     WRITTEN PLEA AGREEMENT-FILED
81 03/24/17     PLEA OF GUILTY
82 03/24/17     IMPORTANT NOTICE
83 03/24/17     INFORMATION REGARDING SENTENCING- FILED
84 03/24/17     COMMITMENT ORDER- CRIM 140 PAGE 336
85 03/23/17     CERT. OF SERVICE OF STATE'S FOURTH SUPPLEMENTAL DISCOVERY-FILED
86 03/24/17     ORDER- STATES MOTION TO AMEND INDICTMENT TO INCLUDE ALL OF
87              FEB 2016 WITHIN THE DATE RANGE APPROXIMATION IS GRANTED-
88              COURT ACCEPTS THE DEF PLEA OF GUILTY TO ONE COUNT OF FELONY
89              OFFENSE OF MANUFACTURING A CONTROLLED SUB- METH COUNT 2 OF
90              CRIMINAL ACTION 16-F-127- STATES MOTION TO DIMISS REMAINING
91              COUNTS GRANTED AND THESE MATTERS ARE DISMISSED- FOR DEF
92              PLEA OF GUILTY DEF SHALL BE SENTENCED TO THE PEN OF THIS STATE
93              FOR NOT LESS THAN 2 NOR MORE THAN 5 YEARS AND FINED $2,000.00
94              DEF SHALL RECIEVE CREDIT IN THE AMOUNT OF 357 DAYS FOR TIME
95              SERVED- CRIM 140 PAGE 318
96 03/24/17     FINAL ORDER ENTERED
97 03/29/17     ORDER - ORDER APPROVING PAYMENT; ERIC FRANCIS $3,702.40
98              CRIM         PAGE