# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| PAUL MCCAFFERTY, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | )  Civil Action No. 5:18-00418 |
| | ) |
| TFC. JOHN W. GILKESON, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Default Judgment (Document No. 12), filed on April 20, 2018. Defendants filed their Responses in Opposition. (Document Nos. 14 and 19.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court deny Plaintiff's above Motion.

## PROCEDURAL BACKGROUND

On March 12, 2018, Plaintiff, acting *pro se,* filed his Application to Proceed Without Prepayment of Fees and Complaint claiming entitlement to relief pursuant to Title 42 U.S.C. § 1983.[1] (Document Nos. 1 and 3.) In his Complaint, Plaintiff names the following as Defendants: (1) Trooper First Class John W. Gilkeson, West Virginia State Police; (2) Corporal M.A. Agee, West Virginia State Police; and (3) Deputy Sheriff J.L. Pachis, Greenbrier County Sheriff's Office. (Document No. 3, pp. 2 – 3.) Plaintiff alleges that on March 13, 2016, Defendants conducted an

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

illegal search of seizure in violation of his Fourth Amendment rights. (Id., pp. 4 – 5.) Plaintiff alleges that Defendants demanded entry into his apartment, without a warrant. (Id.) Plaintiff claims that he denied Defendants entry after verifying that Defendants did not possess a warrant. (Id.) Plaintiff states that Defendants informed him that a warrant was unnecessary because they had probable cause based upon Plaintiff's roommate's (Cindy Smith) statement that "there was someone in her home that was not suppose to be [there]." (Id., p. 6.) Plaintiff acknowledges that he "finally complied, against his will, and opened the door to the Defendants . . . to prevent damage to his home." (Id., p. 7.) Plaintiff states that Defendants Agee and Gilkeson forcibly grabbed Plaintiff and physically retrained him. (Id.) Plaintiff contends that he was then removed from his home and he was held in the custody by Defendant Pachis. (Id.) Plaintiff complains that "Defendants Agee and Gilkeson then entered the home with [Roommate] Cindy Smith and proceeded to search Plaintiff's home (bedroom) where police found a handgun under a book case and opened a metal canister attached to some keys in the bedroom that held approximately 2 grams of a white powder substance and continued questioning Plaintiff as to other items in the home." (Id.) Plaintiff alleges that Defendants falsely stated in their police report that the above items were found in plain view to "justify the search without obtaining a warrant." (Id., p. 8.) Plaintiff states that he and Roommate Smith "occupied separate bedrooms with individual key entry locks on said bedrooms to protect each other's privacy." (Id., p. 4.) Plaintiff states that the "only common areas shared were the kitchen, bathroom, and living room." (Id.) Plaintiff alleges that Defendants were aware of the foregoing facts and that Roommate Smith did not have authority to consent to the search of Plaintiff's bedroom. (Id.) Plaintiff alleges that he was arrested following the search. (Id., p. 8.) Plaintiff claims that he was subsequently indicted by the grand jury in Greenbrier County for possession of a handgun and operating, or attempting to operate, a clandestine drug lab. (Id., pp. 9

– 10.) During the underlying criminal proceedings, Plaintiff claims that defense counsel filed a Motion to Suppress alleging an illegal search and seizure. (Id., p. 10.) Plaintiff states that the Circuit Court of Greenbrier County granted Plaintiff's Motion to Suppress after determining that Defendants violated Plaintiff's Fourth Amendment rights. (Id.) Accordingly, Plaintiff requests declaratory, monetary, and injunctive relief. (Id., pp. 13 – 14.)

As Exhibit, Plaintiff attaches the following: (1) A copy of a document from the Greenbrier County 911 regarding a call from number 201-600-4260 (Id., pp. 17 – 18.); (2) A copy of Plaintiff's "Motions to Suppress Evidence" as filed in the Circuit Court of Greenbrier County in Case No. 16-F-127 (Id., pp. 19 - 21.); (3) A copy of the State's "Notice of State's Witness List" as filed in Case No. 16-F-127 (Id., pp. 22 - 23.); and (4) A copy of the Docket Sheet from Case No. 16-F-127 (Id., pp. 24 – 25.).

By Order entered on March 23, 2018, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed the Clerk to issue process. (Document No. 5.) The Clerk issued process on the same day. (Document No. 6.) The Summonses for Defendants Agee and Gilkeson were returned executed on April 4, 2018, and the Summons for Defendant Pachis was returned executed on April 9, 2018. (Document Nos. 9 - 11.) On April 20, 2018, Plaintiff filed his Motion for Entry of Default. (Document No. 12.) Defendants filed their Answer to Plaintiff's Complaint on April 23, 2018. (Document Nos. 13 and 15.) On April 23, 2018, and April 24, 2018, Defendants filed their Responses in Opposition to Plaintiff's Motion for Default. (Document Nos. 14 and 19.)

## **ANALYSIS**

In his Motion, Plaintiff argues that he is entitled to default judgment because Defendants did not file a responsive pleading to his Complaint within 21 days of service. (Document No. 12.)

In support, Plaintiff states "the Defendants were served by certified mail with a copy of the summons, and a copy of the Plaintiff's Complaint on the 23rd day of March 2018." (Id.) Plaintiff contends that Defendants have not filed an Answer, or otherwise responded, and more than 21 days have elapsed since the date on which Defendants were served. (Id.) Accordingly, Plaintiff states that he is entitled to default judgment. (Id.)

In their Response in Opposition, Defendants Gilkeson and Agee argue that Plaintiff's above Motion should be denied. (Document No. 14.) Defendants Gilkeson and Agee state that they were served with Plaintiff's Complaint on April 2, 2018, and their Answers were due 21 days later (April 23, 2018). (Id.) Defendants Gilkeson and Agee state that their Answer was timely filed on April 23, 2018. (Id.) Therefore, Defendants Gilkeson and Agree state Plaintiff is not entitled to default judgment. (Id.)

In his Response in Opposition, Defendant Pachis argues that Plaintiff is not entitled to default judgment. (Document No. 19.) Defendant Pachis states that he was served with Plaintiff's Complaint on April 6, 2018, and his Answer was due 21 days later (April 27, 2018). (Id.) Defendant Pachis notes that his Answer was filed on April 23, 2018. (Id.) Therefore, Defendant Pachis states he timely filed an Answer to Plaintiff's Complaint and Plaintiff's above Motion should be denied. (Id.)

Rule 55(a) of the Federal Rules of Civil Procedure permits the entry of default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . .." After reviewing all of the pleading and filings in this case, the undersigned finds that Defendants did not default by failing to respond to Plaintiff's Complaint. The record reveals that the Summonses for Defendants were *issued* by the Clerk on March 23, 2018. (Document No. 6.) Defendants, however, were not *served* on March 23, 2018. The record reveals

that Defendants Gilkeson and Agee were served with a Summons and a copy of Plaintiff's Complaint by certified mail on April 2, 2018. (Document Nos. 9 and 10.) Thus, an Answer by Defendants Gilkeson and Agee was due by April 23, 2018. The record clearly reveals that Defendants Gilkeson and Agee timely filed their Answer on April 23, 2018. (Document No. 13.) The record reveals that Defendant Pachis was served with a Summons and a copy of Plaintiff's Complaint by certified mail on April 6, 2018. (Document No. 11.) Thus, an Answer by Defendant Pachis was due by April 27, 2018. The record clearly reveals that Defendant Pachis timely filed his Answer on April 23, 2018. (Document No. 15.) Accordingly, the undersigned respectfully recommends that Plaintiff's Motions for Default Judgment (Document No. 12) be denied.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Motion for Default Judgment (Document No. 12) and refer the matter back to the undersigned for further proceedings.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: August 30, 2018.

Omar J. Aboulhosn
United States Magistrate Judge