IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| PAUL MCCAFFERTY, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | )     **Civil Action No. 5:18-00418** |
| | ) |
| TFC. JOHN W. GILKESON, *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the issue as to whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action without prejudice and deny Defendants' Motions for Summary Judgment (Document Nos. 74 and 76) as moot.

### PROCEDURE AND FACTS

On March 12, 2018, Plaintiff, acting *pro se,* filed his Application to Proceed Without Prepayment of Fees and Complaint claiming entitlement to relief pursuant to Title 42 U.S.C. § 1983.[1] (Document Nos. 1 and 3.) In his Complaint, Plaintiff names the following as Defendants: (1) Trooper First Class John W. Gilkeson, West Virginia State Police; (2) Corporal M.A. Agee, West Virginia State Police; and (3) Deputy Sheriff J.L. Pachis, Greenbrier County Sheriff's Office. (Document No. 3, pp. 2 – 3.) Plaintiff alleges that on March 13, 2016, Defendants conducted an illegal search of seizure in violation of his Fourth Amendment rights. (Id., pp. 4 – 5.) Plaintiff alleges that Defendants demanded entry into his apartment, without a warrant. (Id.)

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed

Plaintiff claims that he denied Defendants entry after verifying that Defendants did not possess a warrant. (Id.) Plaintiff states that Defendants informed him that a warrant was unnecessary because they had probable cause based upon Plaintiff's roommate's (Cindy Smith) statement that "there was someone in her home that was not suppose to be [there]." (Id., p. 6.) Plaintiff acknowledges that he "finally complied, against his will, and opened the door to the Defendants . . . to prevent damage to his home." (Id., p. 7.) Plaintiff states that Defendants Agee and Gilkeson forcibly grabbed Plaintiff and physically retrained him. (Id.) Plaintiff contends that he was then removed from his home and he was held in the custody by Defendant Pachis. (Id.) Plaintiff complains that "Defendants Agee and Gilkeson then entered the home with [Roommate] Cindy Smith and proceeded to search Plaintiff's home (bedroom) where police found a handgun under a book case and opened a metal canister attached to some keys in the bedroom that held approximately 2 grams of a white powder substance and continued questioning Plaintiff as to other items in the home." (Id.) Plaintiff alleges that Defendants falsely stated in their police report that the above items were found in plain view to "justify the search without obtaining a warrant." (Id., p. 8.) Plaintiff states that he and Roommate Smith "occupied separate bedrooms with individual key entry locks on said bedrooms to protect each other's privacy." (Id., p. 4.) Plaintiff states that the "only common areas shared were the kitchen, bathroom, and living room." (Id.) Plaintiff alleges that Defendants were aware of the foregoing facts and that Roommate Smith did not have authority to consent to the search of Plaintiff's bedroom. (Id.) Plaintiff alleges that he was arrested following the search. (Id., p. 8.) Plaintiff claims that he was subsequently indicted by the grand jury in Greenbrier County for possession of a handgun and

---

liberally. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

operating, or attempting to operate, a clandestine drug lab. (Id., pp. 9 – 10.) During the underlying criminal proceedings, Plaintiff claims that defense counsel filed a Motion to Suppress alleging an illegal search and seizure. (Id., p. 10.) Plaintiff states that the Circuit Court of Greenbrier County granted Plaintiff's Motion to Suppress after determining that Defendants violated Plaintiff's Fourth Amendment rights. (Id.) Accordingly, Plaintiff requests declaratory, monetary, and injunctive relief. (Id., pp. 13 – 14.)

As Exhibit, Plaintiff attaches the following: (1) A copy of a document from the Greenbrier County 911 regarding a call from number 201-600-4260 (Id., pp. 17 – 18.); (2) A copy of Plaintiff's "Motions to Suppress Evidence" as filed in the Circuit Court of Greenbrier County in Case No. 16-F-127 (Id., pp. 19 - 21.); (3) A copy of the State's "Notice of State's Witness List" as filed in Case No. 16-F-127 (Id., pp. 22 - 23.); and (4) A copy of the Docket Sheet from Case No. 16-F-127 (Id., pp. 24 – 25.).

By Order entered on March 23, 2018, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed the Clerk to issue process. (Document No. 5.) The Clerk issued process on the same day. (Document No. 6.) The Summonses for Defendants Agee and Gilkeson were returned executed on April 4, 2018, and the Summons for Defendant Pachis was returned executed on April 9, 2018. (Document Nos. 9 - 11.) On April 20, 2018, Plaintiff filed a Motion for Entry of Default. (Document No. 12.) Defendants filed their Answer to Plaintiff's Complaint on April 23, 2018. (Document Nos. 13 and 15.) On April 23, 2018, and April 24, 2018, Defendants filed their Responses in Opposition to Plaintiff's Motion for Default. (Document Nos. 14 and 19.) By Proposed Findings and Recommendation entered on August 30, 2018, the undersigned recommended that Plaintiff's Motion for Default be denied. (Document

No. 37.) By Memorandum Opinion and Order entered on September 18, 2018, United States District Judge Irene C. Berger adopted the undersigned's recommendation and denied Plaintiff's Motion for Default. (Document No. 43.)

The undersigned entered a Scheduling Order on April 24, 2018, setting forth deadlines for discovery and the filing of dispositive motions. (Document No. 18.) The Docket Sheet clearly reveals that the parties engaged in discovery. (Document Nos. 20 – 32, 34 – 35, 38 – 42, 53 – 55, 57 – 58, 61 – 63, 72.) On November 12, 2018, Defendants Pachis, Agee, and Gilkeson filed their Motions for Summary Judgment and Memorandums in Support. (Document Nos. 76 - 77.) In his Motion for Summary Judgment, Defendant Pachis argues as follows: (1) He is entitled to qualified immunity (Document No. 75, pp. 5 – 8.); (2) He did not perform or participate in the search of 379 Mundy Lane (Id., pp. 8 – 9.); and (3) "To the extent Plaintiff raises a claim under the West Virginia Constitution, such claims fail as a matter of law" (Id., pp. 10 – 12.). In Defendants Agee and Gilkerson's Motion for Summary Judgment, Defendants argue as follows: (1) Defendants are entitled to qualified immunity concerning their initial entry of 370 Mundy Lane and the search of the house (Id., pp. 6 – 9.); and (2) "To the extent Plaintiff raises a claim under the West Virginia Constitution, such claims fail as a matter of law" (Id., pp. 9 – 11.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on November 14, 2018, advising him of the right to file a response to Defendants' Motions for Summary Judgment. (Document No. 78.) Despite being warned by the Court in accordance with Roseboro that inaction could result in dismissal of his Complaint, Plaintiff did not file a response to Defendants' Motions for Summary Judgment (Document Nos. 74 and 76). After noting Plaintiff's lack of activity in this case, the undersigned issued an Order on January 3,

2019, directing Plaintiff to "show cause in writing on or before February 4, 2019, as to why this civil action should not be dismissed for failure to prosecute." (Document No. 87.) The undersigned specifically notified Plaintiff that if he had abandoned his intent to proceed in this action, the Court found no need to consider the merits of the pending Motions for Summary Judgment (Document Nos. 74 and 76). (Id.) Plaintiff has made no contact with this Court since October 19, 2018. (Document No. 62.)

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[2] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for his lack of participation. Since October 19, 2018, Plaintiff has done absolutely nothing to demonstrate an interest in prosecuting this action. Plaintiff failed to take action despite the filing of Defendants' Motions for Summary Judgment (Document Nos. 74 and 76), the Court's Roseboro Notice (Document No. 78), and the Court's Order directing Plaintiff to show cause for his failure to prosecute (Document No. 87). The Court notes that there is no indication that forces beyond Plaintiff's control are the cause of his neglect. Thus, the undersigned concludes that

Plaintiff is solely responsible for his lack of participation in the instant action. [3]

Consideration of the second factor reveals little to no prejudice to the Defendants. Although Defendants have filed a Motions for Summary Judgment, there is no indication that Defendants have expended sufficient time or resources defending Plaintiff's action. Defendants' Motions for Summary Judgment primary rely be Defendants argument that they are entitled to qualified immunity. Thus, the undersigned finds that dismissal for failure to prosecute would result in little to no prejudice to the Defendants.

With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record is void of any evidence that Plaintiff has been "deliberately" dilatory. Plaintiff, however, has completely failed to take any action in these proceedings for nearly four months. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An

---

[3] Plaintiff's lack of activity in the above action appears to coincide with his release from custody. Despite his duty to do so, Plaintiff failed to provide this Court with an updated address.

assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as an indigent, *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the Roseboro Notice and the show cause order.[4] In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice[5] unless Plaintiff is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 3) without prejudice, **DENY as moot** Defendants' Motions for Summary Judgment (Document Nos. 74 and 76), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this

---

[4] It appears that the Court's Roseboro Notice and Order to Show Cause was returned as undeliverable. (Document Nos. 79 and 88.) The undersigned, however, notes that it is Plaintiff's obligation to notify the Court of any change of address or other contact information. L.R. Civ. P. 83.5("A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number.").

[5] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise." The undersigned recommends dismissal without prejudice because there is no evidence that Plaintiff acted "deliberately" in his failure to prosecute or that Plaintiff initiated this action in bad

Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: February 19, 2019.

Omar J. Aboulhosn
United States Magistrate Judge

---

faith. *See Hanshaw*, 2014 WL 4063828, at * 5.